291 So.2d 666 (1974)
WINN-DIXIE MONTGOMERY, INC., Appellant,
v.
Edna B. PETTERSON and James B. Petterson, Appellees.
No. S-381.
District Court of Appeal of Florida, First District.
February 14, 1974.
Rehearing Denied April 8, 1974.
*667 Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellant.
R.P. Warfield, of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for appellees.
JOHNSON, Judge.
Appellant, the owner and operator of a supermarket located in a shopping center, seeks reversal of a final judgment, entered pursuant to jury verdict, awarding appellees money damages for injuries sustained when Mrs. Petterson fell on the sidewalk near the front door to appellant's store. It is contended by appellant that its motion for a directed verdict should have been granted inasmuch as there was no evidence from which a jury could conclude that negligence on the part of appellant caused appellee's fall.
The facts of this slip-and-fall case are not in dispute. The appellee, Mrs. Petterson, accompanied by her mother, went to appellant's store to buy groceries. As they approached the front door to the premises, Mrs. Petterson noticed a good bit of waxy white paper on the sidewalk. They shopped in the store for about two hours. When they left the store, they were accompanied by a bag boy who pushed two shopping carts of groceries which appellee had purchased. Appellee was first to the front door which she held open with her back so that the bag boy could exit. She then looked around, saw her mother reaching for the door and began to exit. She took about two steps, slipped on a piece of paper and received injuries from the fall. The mother testified that the sidewalk in front of the store was quite littered with the type of waxy, white paper used to wrap hotdogs or hamburgers. There was a hotdog stand down the sidewalk to the right of appellant's store. Said hotdog stand was not a part of appellant's store. After a trial by jury, appellees were awarded some $4,485.00 in damages as a result of the fall.
In this appeal, appellant contends that a storekeeper is not liable to his customers for transitory conditions on a sidewalk in front of his store. While we cannot approve of this contention for the reason that situations can be envisioned where the store owner might be held liable for negligence, we are compelled by the facts herein to agree that here there was no evidence of negligence on the part of appellant and its motion for a directed verdict should have been granted.
The duty of one who operates a place of business is to exercise ordinary or reasonable care to see that those portions of the premises which persons may be expected to use are reasonably safe. This duty would extend to the approaches to the premises also.
Here, there was evidence that there was white, waxy paper on the sidewalk leading to the entrance of appellant's store. There was no evidence that said paper came upon the sidewalk as a result of any act of negligence of any employee of appellant or that any employee actually saw the paper before the accident occurred. In fact, the evidence disclosed that the paper most likely emanated from a hotdog stand further down the sidewalk. Nor was there evidence *668 that the same piece of paper which caused Mrs. Petterson to fall had remained on the sidewalk a sufficient length of time as to put appellant's employees on notice of its existence.
Liability for negligence in failing to maintain premises in a reasonably safe condition, or in failing to warn of existing dangers, must be predicated on the occupant's superior knowledge or means of obtaining knowledge concerning the danger. In order to recover, a plaintiff must show either that the occupant or proprietor had actual notice of the condition or that the dangerous condition existed for such a length of time that in the exercise of ordinary care the occupant should have known of it and taken action to remedy it or guard the plaintiff from harm therefrom. No liability can attach where it is not shown that the owner or proprietor had actual or constructive notice of the dangerous condition. This is especially true where the dangerous condition is traceable to the acts of persons other than himself and his employees. These principles of law briefly recited above have been reaffirmed so many times by the appellate courts of this State that we feel we would achieve no purpose in reiterating the many citations which do so.
Here, as mentioned above, there was no evidence to justify any conclusion that the paper came upon the sidewalk as a result of any negligence on the part of any of appellant's employees or that any employee saw the paper on the sidewalk before the accident. A finding that an employee dropped the paper on the sidewalk or even that he had seen it there before would be purely conjectural. Nor was the evidence such as would warrant a finding that the paper had been on the sidewalk for so long a time that the owner or his employees in the exercise of reasonable care should have seen it and removed it. While appellee and her mother testified that the sidewalk was littered two hours prior to their exit from the store, there was no evidence to show that the same paper upon which she fell had been there for two hours. Although we need not touch upon the issue of contributory negligence on the part of appellee in light of our conclusion of absence of negligence on appellant's part, we feel that it may be useful to briefly recite a few known principles with regard to contributory negligence. First, a customer is obligated to exercise a reasonable degree of care for his own safety, which includes observing the obvious and apparent condition of the premises. The distraction rule  that a person may not be guilty of contributory negligence, even though he had the opportunity to avoid a dangerous condition, if his attention is diverted from the known danger by a sufficient cause  would not be applicable to this case. Appellee did not contend that she was distracted, but merely that she forgot about the presence of the paper while she was in the store shopping. Diversion of attention is to be distinguished from a mere lack of attention. The fact that one momentarily forgets the existence of a hazard or fails to pay attention to what he is doing, is no excuse for his failure to observe the hazard. Bashaw v. Dyke, 122 So.2d 507 (Fla.App. 1st, 1960). We bring this up merely to illustrate that even had there been a justiciable issue as to negligence on the part of appellant, the evidence before this Court tends to suggest that recovery would be barred by the appellee's own negligence.
In conclusion, a storekeeper is not an insurer of the safety of all those who come upon his premises. He need only exercise reasonable care to protect his patrons from harm of which he has actual or constructive notice. Here, the evidence shows neither actual nor constructive notice and it is our conclusion that the evidence in this case was wholly insufficient to raise a jury question as to the negligence of appellant. Therefore, the final judgment must be and it is hereby set aside and reversed and the trial judge is directed to enter a judgment in favor of appellant.
Reversed.
RAWLS, C.J., and SMITH, LARRY G., Associate Judge, concur.