MOORE, Judge,
dissenting:
I respectfully dissent.
The majority finds “uncontradicted evidence” that a manually operated door at the entrance to appellee’s store malfunctioned, thus causing an issue to be submitted to the jury. Having reviewed the entire transcript of the trial proceedings, I fail to find even a scintilla of evidence of malfunctioning of the door in question in this case.
The door, which allegedly struck the appellant, was a double-action, manually operated door; i. e. it could be pulled in or pushed out by one exiting the store. On the morning prior to the accident there had been severe, gusty winds which caused the doors to be blown open five to six inches when the wind would hit them. The store’s maintenance man checked all of the doors in the morning and found them to be operating correctly. There was no evidence of any mechanical malfunctioning or improper maintenance of the hydraulic doorstops. Likewise, there was no evidence that the doorstops could or should have been adjusted. Later that afternoon, the appellant was attempting to exit the store immediately behind another lady who pushed the door open, existed, and released the door for its return to a normal closed position. Because of the wind, the door “swung back into the store” striking the appellant on the head. The maintenance man again checked the operation of the door after the accident and found nothing wrong with its operation. The lady who had exited the store prior to the appellant witnessed this test and testified that the door came back into the store *691 six, ten or twelve inches. There was testimony that the wind would cause the door to fall back hard to the threshold.
The duty of a landowner to an invitee is to use ordinary care to maintain the premises in a reasonably safe condition for use in a manner consistent with the invitation, and to warn of latent perils which are known, or should be known, to the owner, but which are not known to the invitee or which, by the exercise of due care, could not be known to him. Rice v. Florida Power and Light Company, 363 So.2d 834 (Fla. 3rd DCA 1978). As stated in Winn-Dixie Montgomery, Inc. v. Petterson, 291 So.2d 666 (Fla. 1st DCA 1974):
Liability for negligence in failing to maintain premises in a reasonably safe condition, or in failing to warn of existing dangers, must be predicated on the occupant’s superior knowledge or means of obtaining knowledge concerning the danger. In order to recover, a plaintiff must show either that the occupant or proprietor had- actual notice of the condition or that the dangerous condition existed for such a length of time that in the exercise of ordinary care the occupant should have known of it and taken action to remedy it or guard the plaintiff from harm therefrom. No liability-can attach where it is not shown that the owner or proprietor had actual or constructive notice of the dangerous condition.
It is unquestioned that an owner of a store has a duty to provide a reasonably safe method of ingress and egress to the premises. Thompson v. Ward Enterprises, 341 So.2d 837 (Fla. 3rd DCA 1977). However, providing a door that swings both in and out is not in itself an act of negligence. 62 Am.Jur.2d, Premises Liability, § 208.
I agree with the trial court, when, in ruling on the motion for directed verdict, he stated:
It appears to the court that the attempt here is to prove negligence by the occurrence of an accident or an incident or an injury. There has been no testimony that the door was improperly designed, improperly installed, improperly maintained, improperly inspected; just that the wind blew the door or a party who preceded ahead of the plaintiff in this case went through the door and let it swing back and in combination with its swinging back, together with perhaps some wind, that it came in contact with the plaintiff.
I would add that there was no testimony of knowledge on part of the appellee of a dangerous condition or that a dangerous condition existed for such a length of time that the appellee should have known of its existence.
Accordingly I would affirm the trial judgé.