403 So.2d 541 (1981)
Arvella BURMEISTER, et al., Appellants,
v.
AMERICAN MOTORISTS INSURANCE COMPANY, et al., Appellees.
No. 79-1729.
District Court of Appeal of Florida, Fourth District.
September 2, 1981.
David M. Conlon, Okeechobee, for appellants.
A. Craig Cameron of Gosney, Cameron, Parsons & Marriott, P.A., Daytona Beach, for appellees.
HURLEY, Judge.
At issue is whether the trial court erred in directing a verdict in favor of the defendants in a slip and fall case. We conclude that the plaintiff adduced sufficient circumstantial evidence to permit the jury to resolve the question of the storekeeper's constructive knowledge of the dangerous condition and, consequently, we reverse.
On April 5, 1977, Mr. and Mrs. Burmeister went to shop at the Sears Roebuck store in Fort Pierce. They parked in the lot and walked toward the store entrance. Mrs. Burmeister, however, slipped and fell as she attempted to step up onto a concrete sidewalk. Her husband testified that she stepped into a gouge in the edge of the sidewalk which measured approximately twelve to fourteen inches in length and about two to three inches in depth. he also testified that he looked in the gutter and in the vicinity of the gouge but did not see any debris. Though he had earlier stated in his deposition that the gouge "was new, sort of new, it was fresh," he qualified this *542 statement at trial by testifying, "It wasn't old looking ... I can tell if it was fairly new but not real new."
Defendants moved for a directed verdict at the close of the plaintiffs' case and again at the conclusion of the entire case. The trial court, however, reserved ruling and submitted the case to the jury. The verdict was for the plaintiff with a finding that Mrs. Burmeister had been thirty per cent negligent. At a post-trial hearing, the court vacated the verdict and granted a directed verdict in favor of the defendants.
It is well accepted that a storekeeper must exercise ordinary or reasonable care to see that those portions of the premises which persons may be expected to use are reasonably safe. Unquestionably, this duty extends to the approaches to the premises. Winn-Dixie Montgomery, Inc. v. Petterson, 291 So.2d 666 (Fla. 1st DCA 1974). But, "[i]n order to recover, a plaintiff must show either that the ... [storekeeper] had actual notice of the condition or that the dangerous condition existed for such a length of time that in the exercise of ordinary care the ... [storekeeper] should have known of it and taken action to remedy it or guard the plaintiff from harm therefrom." Id., at 668.
Actual notice was not an issue in the case at bar and thus we are concerned only with the issue of constructive notice. In this respect, it is recognized that "[p]roof that a dangerous condition existed long enough so that it should have been discovered by the ... [storekeeper] may be proved like any other fact, by circumstantial evidence." Winn-Dixie Stores, Inc. v. Williams, 264 So.2d 862, 863 (Fla.3d DCA 1972); Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So.2d 212 (Fla.3d DCA 1979). Also, since the issue on appeal is the propriety of granting a directed verdict, we must view the evidence and all reasonable inferences that can be drawn therefrom in the light most favorable to the Burmeisters and all conflicts in the evidence must be resolved in their favor. Marlowe v. Food Fair Stores of Florida, Inc., 284 So.2d 490 (Fla.3d DCA 1973).
Applying these well known principles to the facts in the case at bar, we believe that the plaintiffs' evidence, albeit circumstantial, was sufficient to require submission of the case to the jury. Cf. Miami Shores Village v. Lingler, 157 So.2d 716 (Fla.3d DCA 1963). Mr. Burmeister's testimony as to the absence of debris at the scene, coupled with his opinion that the gouge was "fairly new but not real new," was an adequate evidentiary basis to support the jury's implied finding that the condition had existed long enough to put the store on constructive notice of the danger involved. Therefore, we reverse the order on appeal and remand the cause with instructions to reinstate the jury's verdict.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HERSEY and GLICKSTEIN, JJ., concur.