417 So.2d 1093 (1982)
Mary CAMINA and Leo Camina, Her Husband, Appellants,
v.
PARLIAMENT INSURANCE COMPANY, a Floreign Corporation, and Classic Fashions, Inc., a Florida Corporation, Appellees.
No. 81-2751.
District Court of Appeal of Florida, Third District.
August 10, 1982.
*1094 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Brumer, Cohen, Logan & Kandell, Miami, for appellants.
Underwood, Gillis, Karcher, Reinert & Valle and Stephen E. Tunstall, Miami, for appellees.
Before NESBITT, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
We reverse the trial court's order directing a verdict for the defendant upon a holding that notwithstanding the plaintiff's inability to elicit direct testimony as to the length of time that the thawed ice cream upon which she slipped and fell had been on the floor of the entranceway to the defendant's store, an area which a storekeeper has a duty to maintain with the exercise of ordinary and reasonable care, Burmeister v. American Motorists Insurance Co., 403 So.2d 541 (Fla. 4th DCA 1981); circumstantial evidence is sufficient to show that a dangerous condition existed for such a length of time so as to charge the storeowner with constructive notice, Schmidt v. Bowl American Florida, Inc., 358 So.2d 1385 (Fla. 4th DCA 1978); Winn Dixie Stores, Inc. v. Williams, 264 So.2d 862 (Fla. 3d DCA 1972); and the evidence here that, inter alia, the ice cream was thawed, dirty and splattered, although susceptible of the inference that the plaintiff's slip and fall had created the condition, was equally susceptible of the inference that the condition existed beforehand, Montgomery v. Florida Jitney Jungle Stores, Inc., 281 So.2d 302 (Fla. 1973); Burmeister v. American Motorists Insurance Co., supra; Grizzard v. Colonial Stores, Inc., 330 So.2d 768 (Fla. 1st DCA 1976); Lee v. Southland Corporation, 253 So.2d 268 (Fla. 2d DCA 1971), so as to make the issue of the defendant's constructive notice of the condition one to be resolved by a jury, Montgomery v. Florida Jitney Jungle Stores, Inc., supra.
Reversed and remanded.