GREEN, Judge.
This is a slip and fall action wherein the appellant, plaintiff below, appeals the entry of a final summary judgment entered in favor of the appellee cruise line. We reverse.
Appellant Janice Erickson and her husband boarded appellee’s cruise ship, T.S.S. Mardi Gras, as passengers for a three-day cruise. After boarding the ship, they went to the ship’s “workout” room for a game of ping-pong. As appellant was retrieving a ping-pong ball hit off of the table, she was injured when she slipped and fell in a clear puddle of water approximately three to five feet in diameter. Prior to her fall, neither appellant or her husband had seen the puddle on the floor and they did not know how long it had been there. Further, they did not have knowledge of anyone else walking or slipping in the area prior to appellant’s fall.
According to the deposition testimony of appellant and her husband, the apparent source of the puddle was a water leak from the ceiling which had trickled down the wall and onto the floor.[1] At no time prior or subsequent to the accident did any of the ship’s employees enter the room. Neither appellant or her husband had any direct knowledge as to whether any of the ship’s employees were ever made aware of the room’s leaking ceiling.
Based upon the record before us, we agree with appellant’s argument on appeal that the trial court erred in granting final summary *943 judgment where there is a genuine issue of material fact as to whether the defective condition aboard this ship existed for a sufficient period of time to place appellee on constructive notice of the same.
Generally speaking, a shipowner is responsible for all defective conditions aboard ship of which the shipowner has actual or constructive notice. Everett v. Carnival Cruise Lines, Inc., 912 F.2d 1355, 1358 (11th Cir.1990); Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1322 (11th Cir.1989). There is no record evidence in this case that the ship’s owner or employees had actual notice of the ceiling defect in the “workout” room. Constructive notice, on the other hand, requires that the defective condition exist aboard ship for a sufficient interval of time to invite corrective measures. Monteleone v. Bahama Cruise Line, Inc., 838 F.2d 63, 65 (2d Cir.1988). We have said in another slip and fall action involving a puddle of water that constructive notice may be proved by circumstantial evidence such as the size of the puddle. See Greyson v. Carnival Cruise Lines, Inc., 576 So.2d 417 (Fla. 3d DCA 1991).
We conclude that the source of the puddle (i.e. ceiling leak) as well as the size of the puddle were sufficient to create a jury question as to whether this hazardous condition existed for a sufficient period of time to charge appellee with constructive notice and to invite corrective measures. The undisputed facts clearly reflect that this hazardous condition created was the result of some defect or flaw in the ceiling structure itself as opposed to some foreign object. Since a jury might reasonably conclude that a puddle of water three to five feet in diameter which had formed as a result of a ceiling leak was circumstantial evidence that this defect had existed for a sufficient period of time to place appellee on notice of its existence, it was error to enter summary judgment herein.
In light of our decision, we need not consider or address appellant’s remaining point on appeal.
Reversed and remanded.

. Interestingly, in the order granting final summary judgment (presumably prepared by counsel for appellee), there were specific findings that appellant had no knowledge of what caused the water to be on the floor and that "no other evidence has been adduced nor is contemplated to answer this question.” In our opinion, these findings fly in the face of the deposition testimony of both appellant and her husband wherein they both acknowledged the source of the puddle to be a water leak from the ceiling. According to their depositions, what appellant and her husband had no knowledge of was the cause of the water leak from the ceiling.