721 So.2d 769 (1998)
Georgina COLON, Appellant,
v.
OUTBACK STEAKHOUSE OF FLORIDA, INC., Appellee.
No. 98-350.
District Court of Appeal of Florida, Third District.
November 18, 1998.
*770 Ralph P. Ezzo, Miami, for appellant.
George, Hartz, Lundeen, Flagg & Fulmer and Esther E. Galicia, Ft.Lauderdale, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GREEN, JJ.
GREEN, J.
The appellant, Georgina Colon, initiated this action against the appellee, Outback Steakhouse of Florida, Inc. ("Outback"), for personal injuries she allegedly sustained when she slipped and fell on a mashed potato lying on the floor of an Outback restaurant that she was patronizing.[1] A final summary judgment was entered in Outback's favor based upon its argument that there was no record evidence of its actual or constructive notice of the presence of the potato prior to Ms. Colon's fall. See Mahoney v. Burger King Corp., 600 So.2d 1252, 1253 (Fla. 3d DCA 1992); Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977, 978 (Fla. 4th DCA 1987); Marlowe v. Food Fair Stores of Fla., Inc., 284 So.2d 490, 492 (Fla. 3d DCA 1973). We reverse upon our conclusion that a genuine issue of material fact exists as to Outback's constructive notice of the potato on its floor.
In reviewing the trial court's entry of final summary judgment in this case, we are mindful of our obligation to review the record evidence in the light most favorable to the non-moving party and we must draw all competing inferences in favor of the non-moving party. See Venezia v. Egan, 671 So.2d 175, 177 (Fla. 5th DCA 1996); Destiny Constr. Co. v. Martin K. Eby Constr., 662 So.2d 388, 390-91 (Fla. 5th DCA 1995); Robbins v. Hess, 659 So.2d 424, 425 (Fla. 1st DCA 1995). If there is doubt about the existence or non-existence of a genuine issue of material fact, such doubt must be resolved against the moving party. See Sawyer v. Allied Int'l Holdings, Inc., 707 So.2d 761, 763 (Fla. 2d DCA 1998). Indeed, "[i]f the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it *771 should be submitted to the jury as a question of fact to be determined by it." Moore v. Morris, 475 So.2d 666, 668 (Fla.1985) (emphasis added). With these established precepts in mind, we review the record evidence.
On February 19, 1995, Ms. Colon, her husband and a friend arrived at an Outback restaurant for dinner. As the hostess was showing the party to their table, Ms. Colon slipped on a "mushy" or mashed potato near a table occupied by other restaurant patrons. There is no record evidence that Outback's employees dropped the potato on the floor or had actual knowledge of its presence on the floor prior to Ms. Colon's fall. According to the record evidence, no one, including Ms. Colon, saw the potato prior to her fall. After her fall, however, Ms. Colon noticed that the potato had a dirty appearance.[2] Final summary judgment was entered in Outback's favor based primarily upon this evidence.
In order to prevail in a slip-and-fall case, a plaintiff must prove that the premise owner either had actual knowledge of the dangerous condition or that the owner had constructive notice of the condition in that the condition existed for such a length of time that in the exercise of ordinary care, the premises owner should have known of it and taken action to remedy it. See Winn-Dixie Stores, Inc. v. Mazzie, 707 So.2d 927, 928 (Fla. 5th DCA 1998); Pearce v. Publix Supermarkets, 675 So.2d 710, 710 (Fla. 3d DCA 1996); Brooks v. Phillip Watts Enters., Inc., 560 So.2d 339, 341 (Fla. 1st DCA 1990); Gaidymowicz v. Winn-Dixie Stores, Inc., 371 So.2d 212, 213-14 (Fla. 3d DCA 1979). Where, as here, there is no evidence of the premise owner's actual notice of the hazardous condition of its property, the plaintiff would necessarily have to proceed against the owner on the theory that the owner had constructive notice. An owner's constructive notice of the hazardous condition may be established circumstantially with "`evidence leading to an inference that a substance has been on the floor for a sufficient length of time'" such that the premises owner in the exercise of reasonable care should have known of the condition. Gonzalez v. B & B Cash Grocery Stores, Inc., 692 So.2d 297, 298 (Fla. 4th DCA 1997) (citing Thoma v. Cracker Barrel Old Country Store, Inc., 649 So.2d 277, 278 (Fla. 1st DCA 1995)).
Outback argued below and on this appeal that the final summary judgment was entirely proper on the issue of its constructive notice of the mashed potato on the floor where the only reasonable inference to be drawn from its appearance is that Ms. Colon herself mashed and dirtied it when she stepped on it. We disagree. We believe that an equally compelling inference from the dirty appearance of the potato is that it had gone undetected on the floor for a sufficient period of time to place Outback on constructive notice. Given these competing inferences as to Outback's constructive notice of the hazardous condition of its premises as alleged, we conclude that summary judgment in this cause was error.
Reversed and remanded for further proceedings.
GERSTEN, J., concurs.
SCHWARTZ, C.J., specially concurs.
SCHWARTZ, Chief Judge (specially concurring).
I agree with the court that there was ample evidence that the restaurant was on constructive notice of the offending tuber. I would also hold, however, that the surrounding circumstances, particularly its location on the floor some distance from any table, give strong indication that the potato could only have been dropped by a server or other employee, thus raising jury issues of the defendant's active negligence in creating the *772 danger and actual knowledge of its existence. See Donoho v. O'Connell's, Inc., 13 Ill.2d 113, 148 N.E.2d 434 (1958), and cases cited; Keene v. Cracker Barrel Old Country Store, Inc., 853 S.W.2d 501 (Tenn.App.1992), and cases cited.
NOTES
[1] Ms. Colon's late husband was also a party plaintiff to this action, but was dropped as a party upon his death.
[2] Ms. Colon testified as follows:

Q. What about it looked like potatoes to you?
A. Say that again.
Q. What is it about this substance that to your eyes looked like potatoes, as opposed to some other type of food or debris?
A. Well, it's mushy. It's like mashed potato. That's what the potato is all about.
Q. After you stepped on it was it clean, dirty? What did it look like?
A. It was dirty.
Q. Do you know what it looked like before you stepped on it?
A. No, because I didn't see it.