PER CURIAM.
Plaintiff brought this action against a cleaning service for a slip and fall accident which occurred at a Publix supermarket. We reverse the summary judgment ordered in the service’s favor.
As stated in Holl v. Talcott, 191 So.2d 40, 43 (Fla.1966):
The rule simply is that the burden to prove the non-existence of genuine triable issues is on the moving party, and the burden of proving the existence of such issues is not shifted to the opposing party until the movant has successfully met his burden.
It was alleged and undisputed that there was water and paper towels at the scene where claimant allegedly slipped. In order for the service to prevail in its effort to have summary judgment granted in its favor, it was its duty to completely dispel the plaintiffs theory that the service had created a dangerous condition by leaving water and paper towels on the floor. Plaintiff did not have to come forward with any countervailing evidence to defend against the cleaning company’s motion for summary judgment. See Colon v. Outback Steakhouse of Florida, Inc., 721 So.2d 769, 770 (Fla. 3d DCA 1998)(citing to Moore v. Morris, 475 So.2d 666, 668 (Fla.1985)) and observing “[i]f the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.” (Emphasis added in Outback Steakhouse.)
Reversed and remanded.