758 So.2d 696 (2000)
Gilberto JAUMA and Raquel Jauma, Appellants,
v.
The CITY OF HIALEAH, Appellee.
No. 3D99-0828.
District Court of Appeal of Florida, Third District.
January 19, 2000.
Rehearing Denied June 7, 2000.
*697 Kurzban Kurzban Weinger & Tetzeli and Helena Tetzeli, Miami, for appellants.
Akerman, Senterfitt & Eidson and Eduardo E. Neret and Alise Johnson, Miami, for appellee.
Before JORGENSON, COPE and FLETCHER, JJ.
COPE, J.
Gilberto and Raquel Jauma appeal a summary judgment in favor of the City of Hialeah in a slip-and-fall action. We reverse.
In order to widen State Road 826 within the City of Hialeah, it was necessary to relocate gas pipelines. The City issued a permit for the relocation. The contractor pumped muddy water out of the excavation and into the Jaumas' street, flooding the street, swale, and sidewalks.
The public way provided the only means of entry into the homes on the street. The residents complained to the City, which inspected the street but took no action to correct the flooding.
During the flooded condition, Gilberto Jauma attempted to walk home from a nearby convenience store. Because he was unable to walk on the sidewalk due to its muddy and slippery condition, Gilberto attempted to walk along the curb. He slipped and fell into the street where he was hit by an oncoming automobile and suffered serious injury.
The Jaumas filed an action against the City and other defendants. Gilberto sued for damages for his injuries and Raquel sued for loss of consortium. The complaint alleged that the City was liable because it "failed to properly maintain, manage or supervise the nearby construction/demolition/work site and surrounding or nearby area roadways affected," failed to respond to citizen complaints about the flooding, and failed to take corrective action. The trial court entered summary judgment for the City and the Jaumas have appealed.
We agree with the City that it is not liable to the Jaumas for a failure to inspect or supervise the work of the contractor based on the existence of the permit it issued. See Trianon Park Condominium Assoc., Inc. v. City of Hialeah, 468 So.2d 912, 914-15 (Fla.1985); Bovio v. City of Miami Springs, 523 So.2d 1247, 1249 (Fla. 3d DCA 1988). Likewise, on the facts presented here, the City is not vicariously liable for the negligence of the contractor. See City of Miami v. Perez, 509 So.2d 343, 345 (Fla. 3d DCA 1987).
*698 Nevertheless, the City had a non-delegable duty to maintain its roads, sidewalks, and rights-of-way in a reasonably safe condition. See Grier v. Metro. Dade County, 660 So.2d 273, 274 (Fla. 3d DCA 1995), Camillo v. Dept. of Transportation, 546 So.2d 4, 5 (Fla. 3d DCA 1988). The residents complained to the City about the flooding and City employees observed the flooding on more than one occasion. The City took no steps to correct the flooding or to ensure that the contractor did so. Thus, there was support for Jaumas' claim that the City failed to maintain its streets and sidewalks in a reasonably safe condition.
The open and obvious nature of the hazard does not provide an avenue of relief for the City because the Jaumas and the other residents of the street had no other means of entry and egress from their homes. In those circumstances, the City as landowner was aware that the residents would have to encounter the danger notwithstanding that the flooding was open and obvious. As summarized in the Restatement (Second) of Torts:
§ 343A KNOWN OR OBVIOUS DANGERS
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

Restatement (Second) of Torts § 343A (1965) (emphasis added). Gilberto and all other residents of the street were entitled to, and indeed had no option but to, use the street on which they lived and the City had every reason to anticipate that they would do so. See also Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980).
The City contends that it should be exonerated by reason of Coudry v. City of Titusville, 438 So.2d 197 (Fla. 5th DCA 1983). We disagree. The final two paragraphs of Coudry present a theory of municipal liability consistent with the analysis we have outlined here.
We reverse the summary judgment and remand for further proceedings consistent herewith.
FLETCHER, J., concurs.
JORGENSON, J., dissenting.
Because there is no theory upon which the City of Hialeah can be held liable, I respectfully dissent. Although the City of Hialeah had a general duty to maintain its roads, sidewalks, and rights-of-way in a reasonably safe condition, that duty does not apply here. "Pursuant to established principles of negligence, a city has a duty to maintain its streets and sidewalks in a reasonably safe condition. However, it is not an insurer of the safety of pedestrians who traverse its streets." Bovio v. City of Miami Springs, 523 So.2d 1247, 1249 (Fla. 3d DCA 1988). The unsafe condition that allegedly caused the plaintiff's injuries was affirmatively created by the contractor. The City did not create the dangerous condition, nor was the contractor correcting an unsafe condition that was part of the City's initial design of the roadway. The public street was simply the location of the danger, namely the flooding, caused by the contractor. As a matter of law, the City cannot be held liable under these circumstances.
Pursuant to the permits issued by the City, the contractor had the duty to "provide sufficient lights, barricades, danger signals, and take all necessary precautions to prevent accidents or injury to persons or property in or about the work" that was performed. The dangerous condition did *699 not "involve injuries resulting from a defect in the street [or] injuries resulting from a breach of a city's duty to make repairs to its street in order to eliminate an unsafe condition caused by defects in the street." Coudry v. City of Titusville, 438 So.2d 197, 199 (Fla. 5th DCA 1983)(emphasis in original). Furthermore, the City is not attempting to "avoid its own responsibility for injuries resulting from its failure to repair street defects by trying to place responsibility on a contractor it has hired to correct these same defects for which it is already responsible." Id. (emphasis in original).[1]
For these reasons, the cases cited by the court do not control. None of the cases on which the court relies involve an accident that: a) occurred in course of an ongoing construction project for which the contractor had the contractual duty to take precautions to prevent accidents or injury; and b) was caused by a defect created solely by a contractor.
In Grier v. Metropolitan Dade County, 660 So.2d 273 (Fla. 3d DCA 1995), this court did not hold that the County had a non-delegable duty under all circumstances to maintain its roads, sidewalks, and rights-of-way in a reasonably safe condition. Instead, Grier held that "in the absence of regulations to the contrary or obvious defects a pedestrian is entitled to use every part of the street, and is entitled to assume that every part of the street is reasonably safe for crossing. In such use, only ordinary care is required." Id. at 274 (quotations and citations omitted). The "ordinary" care referred to is the level of care to which a municipality is held with regard to maintaining a street, as opposed to a sidewalk, used by pedestrians. The duty of ordinary care arises only "in the absence of ... obvious defects." Id. The defect in this casethe floodingwas manifestly obvious. Unlike the plaintiff in Grier, the plaintiff in this case was not "entitled to assume that the street was reasonably safe for [him] to cross." Id. at 275.[2]
I would affirm the order granting summary judgment in favor of the City of Hialeah.
NOTES
[1] The final two paragraphs of the fifth district's decision in Coudry do not, as the majority asserts, stand for the proposition that a city is liable as a matter of law for injuries caused by the contractor's negligence while performing the contracted work. Although the paragraphs in question are not entirely clear in meaning, they appear to stand for the broad proposition that in ruling on a motion for summary judgment, a court should allow the plaintiffs leave to amend to assert a cause of action not initially pleaded if the facts would support such an amendment.
[2] Even though this route may have been the only one available, the City's duty, or lack of duty, is not altered under this particular set of circumstances.