FLETCHER, Judge.
Migdalia and Cecelio Acosta appeal a summary judgment in favor of the City of Hialeah in a slip-and-fall action. We reverse.
After picking up her grandchildren who were attending summer camp at the YMCA in Hialeah, Mrs. Acosta attempted to walk across a paved swale area to get to her car which she had parked in the park-' ' ing lot of an adjacent commercial building. In doing so, she fell after stepping into one of several potholes in the area which had been filled with water from a recent rain storm. Mrs. Acosta and her husband subsequently filed this action against the owner of the commercial building and the City of Hialeah for their negligent failure to inspect, maintain and repair the area where she fell. At his deposition, the City’s superintendent of streets identified the area where Mrs. Acosta fell as a swale area within the public right-of-way. He testified that the City had neither paved the area nor issued a permit authorizing its pavement. Although the superintendent-further stated that swales are typically maintained by the adjacent property owner, he admitted that if notified the City *301 would have repaired any potholes in the area.
The City contends that the trial court properly granted summary judgment relieving it from responsibility for two reasons: (1) because, as a matter of law, it cannot be responsible for an area illegally paved over by a third party, and (2) because it had no notice of any defect. We conclude that neither of these reasons is appropriate for entry of the summary judgment under the circumstances.
We recently held in Jauma v. City of Hialeah, 758 So.2d 696 (Fla. 3d DCA 2000) that the City had a non-delegable duty to maintain its roads, sidewalks, and rights-of-way in a reasonably safe condition even where the defective condition was created by a third party.[1] Likewise, the fact that a third party’s paving of the area in question herein may have contributed to the defective condition does not relieve the City of its duty to maintain its right-of-way. See also Camillo v. Dep’t of Transp., 546 So.2d 4 (Fla. 3d DCA 1988) (holding DOT liable although injury caused by bolts placed in seawall by houseboat owner), rev. denied, 547 So.2d 1209 (Fla.1989); Armas v. Metro. Dade County, 429 So.2d 59 (Fla. 3d DCA 1983) (holding government entities liable for accident caused by stop sign obstructed by vegetation growing from privately owned property).
We also find that the record reveals genuine issues of material fact as to. notice which preclude summary judgment. It is for the jury to decide the length of time that the potholes were present and if that time was sufficient for the City to have discovered and repaired them. See, e.g., Hannewacker v. City of Jacksonville Beach, 419 So.2d 308 (Fla.1982); Kopf v. City of Miami Beach, 653 So.2d 1046 (Fla. 3d DCA), rev. denied, 662 So.2d 931 (Fla.1995); Leon v. City of Miami, 312 So.2d 518 (Fla. 3d DCA 1975).
For these reasons, we reverse the summary judgment entered herein and remand for further proceedings.

. In Jauma, the plaintiffs slip and fall was caused by street flooding from a contractor’s excavation.