842 So.2d 1035 (2003)
Saed MASHNI, Appellant,
v.
LaSALLE PARTNERS MANAGEMENT LIMITED, d/b/a Pompano Square Mall and Southeast Service Corporation, d/b/a Service Solutions, Appellees.
No. 4D01-4476.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
*1036 Thomas J. Morgan, Jr. of Thomas J. Morgan, P.A., Coconut Grove, for appellant.
Richard G. Rosenblum and Damian H. Albert of Walton Lantaff Schroeder & Carson, Fort Lauderdale, for appellees.
HAZOURI, J.
Saed Mashni (Mashni) was a plaintiff in a slip and fall case arising from an incident which occurred in a restroom located in the Pompano Square Mall. Mashni filed suit against LaSalle Partners Management Limited d/b/a Pompano Square Mall (LaSalle), the owner and operator of the mall, and Southeast Service Corporation d/b/a SSC Service Solutions (Southeast), a corporation contracted to provide janitorial services for the mall. The trial court entered a summary judgment in favor of both LaSalle and Southeast and ruled there was no evidence as to actual or constructive notice on the part of the defendants and that Mashni failed to exercise due care in light of an open and obvious danger. Mashni appeals the summary final judgment. We reverse.
Mashni was shopping in the Pompano Square Mall on July 11, 1999. As he entered a restroom in the mall, he noticed that there was a puddle of water on floor. In fact, he testified in a pretrial deposition that he almost slipped in the puddle of water as he entered. He used the restroom and as he was leaving, he slipped and fell in another puddle of water which was approximately three steps away from where he had noticed the first puddle. In his deposition, Mashni testified that the restroom was dark, that he did not know how long the water had been on the floor, and that he did not notice whether there were any track marks or foot prints in the water. He did, however, notice that the water was dirty and stated that some of the dirt stuck to his hand because he had a black substance on his hands after his fall.
In their motion for summary judgment, LaSalle and Southeast alleged that Mashni's testimony established that he was aware of the water on the restroom floor prior to the accident and, therefore, it was open and obvious; thereby relieving them of any liability. The defendants also argued that Mashni presented no evidence that either defendant had actual or constructive notice of the dangerous condition.
The standard of review when reviewing the entry of summary judgment is *1037 de novo. See Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact and the court must draw every possible inference in favor of the non-moving party. See Bruckner v. City of Dania Beach, 823 So.2d 167, 170 (Fla. 4th DCA 2002). If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it. Id.
Mashni presented evidence that when he entered the restroom, he noticed that it was "sloppy." After he fell, he saw black spots in the water and on his hands. Even though Mashni could not testify to how long the water had been on the floor or where it came from, he contends that the evidence creates a genuine issue of fact as to whether the defendants had constructive notice of the hazardous condition. We agree.
Circumstantial evidence can be sufficient to show that a dangerous condition existed for such a length of time so as to charge the store owner with constructive knowledge. See Camina v. Parliament Ins. Co., 417 So.2d 1093 (Fla. 3d DCA 1982). In Camina, the plaintiff slipped on some thawed ice cream on the floor. Id. at 1094. The third district held that the evidence that the ice cream was thawed, dirty, and splattered, although susceptible of the inference that the plaintiff's slip and fall had created the condition, was equally susceptible of the inference that the condition existed beforehand. Therefore, the issue of constructive notice should have been decided by the jury. In the instant case, Mashni testified that after he slipped, he noticed the water was dirty. Even though the dirt could have been created by Mashni's fall, under the reasoning in Camina, the fact that the water was dirty could also create an inference that it was on the floor for a period of time sufficient to create constructive notice. See also Colon v. Outback Steakhouse of Fla., Inc., 721 So.2d 769, 771 (Fla. 3d DCA 1998) (holding that evidence that a potato had a dirty and "mashed" appearance was sufficient evidence to create an inference that it had gone undetected on the floor for a sufficient period of time to place the owner on constructive notice).
In Lynch v. Target Stores, 790 So.2d 1193 (Fla. 4th DCA 2001), this court reversed a summary judgment based on the issue of constructive knowledge. The plaintiff had slipped on a creamy substance on the floor of a store. Her affidavit stated that she had been in that area for approximately fifteen minutes before she fell and, during that time, she did not see any employees enter or exit the area. This court held that the facts, viewed most favorably to the plaintiff, supported a reasonable inference that the substance had been on the floor for a minimum of fifteen minutes and that it was up to the jury to determine whether this was sufficient time to find that the store owner should have been aware of the condition. Id. at 1194. In the instant case, Mashni testified that he was in the restroom for approximately three to four minutes before he fell. After that, he walked outside of the restroom and waited for an additional two to three minutes for his sister to exit the ladies restroom. His sister then went to call security. The security guards arrived and then called maintenance. Until the security guards called the maintenance man, no mall employees had entered the restroom to check its condition. Mashni contends that pursuant to Lynch, the trial court should have submitted the issue to the jury to determine whether this was sufficient *1038 time to find that the defendants should have been aware of the condition. We agree.
At the time the summary final judgment was entered, the trial court did not have the benefit of the Florida Supreme Court's holding in Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001). In Owens, the Court recognized that courts have struggled to determine what constitutes sufficient evidence to create a jury question on the issue of constructive notice. The Court attempted to remedy this confusion by creating a presumption to apply in cases with circumstances similar to the instant case where there is no direct evidence establishing how long the condition was present. The Court held that the existence of a foreign substance on the floor of a business premises that causes a customer to fall and be injured creates a rebuttable presumption that the premises owner did not maintain the premises in a reasonably safe condition. Id. at 331. Therefore, once the plaintiff establishes that he or she fell as a result of that transitory foreign substance, the burden shifts to the defendant to produce evidence that it exercised reasonable care under the circumstances.
The Court stated that this holding (shifting the burden) shall be applicable to all cases commenced after the decision became final and those cases already commenced, but in which trial has not yet begun. Id. at 331. The instant case was commenced on July 20, 2000, prior to Owens becoming final on December 14, 2001. However, a trial never began because the trial court entered a summary judgment on October 5, 2001. Therefore, Owens applies to the instant case and provides additional basis for reversal of the summary judgment. See D'Aquisto v. Costco Wholesale Corp., 816 So.2d 1231 (Fla. 5th DCA 2002).
We note that while the instant case has been on appeal, the Legislature passed chapter 2002-285 relating to negligence actions involving transitory foreign objects or substances and enacted section 768.0710. By its terms, chapter 2002-285 became effective May 30, 2002, and applies to all causes of action pending on or after that date. For the reasons stated by the Florida Supreme Court in Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256 (Fla.2002), we decline to address the effect of this legislation.[1]
The defendants, as business owners, acknowledge that they owed a duty to Mashni to use reasonable care in maintaining the premises in a reasonably safe condition and to give Mashni timely notice and warning of latent and concealed perils known to the defendants or which by the exercise of due care should have been known. However, the defendants argue that an owner is entitled to assume that the invitee will perceive that which would be obvious to the invitee through the normal use of his senses, and is not required to give the invitee notice of an obvious danger. The trial court found that the water that Mashni slipped on was open and obvious and, therefore, the defendants could not be held liable. Masnhi contends that the trial court erred in entering summary judgment because the evidence does *1039 not establish that the condition was open and obvious and, even if it was, the defendants still owed Mashni a duty to maintain the property in a reasonably safe condition. We agree.
Mashni testified that when he entered the restroom it was dark and that he almost slipped on some water on the floor by the door. As he was leaving, he did in fact slip on some water that was approximately three steps away from where he had originally seen the first puddle of water. Mashni contends that a genuine issue of material fact exists as to whether the water was open and obvious. Defendants argue that since Mashni admits that he was aware that there was water on the floor, that the condition was open and obvious. However, simply because a hazardous condition is open and obvious does not necessarily mean that the owners' duty to maintain the property in a reasonably safe condition is discharged. See Kersul v. Boca Raton Cmty. Hosp., 711 So.2d 234 (Fla. 4th DCA 1998).
In Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla.1986), our supreme court recognized that generally landowners/occupiers have no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent that he may reasonably be expected to discover them. However, the Court held that this is not a fixed rule. A court must take into account all the circumstances. For example:
In some jurisdictions, it is also true where the condition is one, such as icy steps, which cannot be negotiated with reasonable safety even though the invitee is fully aware of it, when, because the premises are held open to him for his use, it is to be expected that he will nevertheless proceed to encounter it. The jury in such cases may be permitted to find that obviousness, warning or even knowledge is not enough.
Id. at 1311.
In the instant case, even though the trial court found that the water was open and obvious, there still remains a factual issue regarding whether or not the defendants should have anticipated that shoppers in the mall wishing to use the restroom may be harmed. Also, the jury could find that even if Mashni was aware of the water, the condition was such that it could not be negotiated with reasonable safety. See Jauma v. City of Hialeah, 758 So.2d 696 (Fla. 3d DCA 2000), review denied, 786 So.2d 1184 (Fla.2001).
In Jauma, the plaintiff slipped and fell due to a buildup of water on the street outside his house and sued the city for negligence. The third district applied section 343A of the Second Restatement of Torts[2] and held that:
The open and obvious nature of the hazard does not provide an avenue of relief for the City because the Jaumas and the other residents of the street had no other means of entry and egress from their homes. In those circumstances, the City as landowner was aware that the residents would have to encounter *1040 the danger notwithstanding that the flooding was open and obvious.
Id. at 698.
In the instant case, shoppers in the mall had to walk through the water in order to use the restroom. Even if the water was open and obvious, the defendants should have been aware that shoppers would encounter the danger. The fact that Mashni was aware of the water does not bar his claim, but is relevant to the determination of comparative negligence. See Lisanti v. City of Port Richey, 787 So.2d 36, 37 (Fla. 2d DCA 2001).
We reverse the summary judgment and remand for further proceedings.
REVERSED.
WARNER and STEVENSON, JJ., concur.
NOTES
[1] The Court stated:

We decline in this opinion to address the effect, validity, or applicability of this legislation because those issues are not before us, except to note that, on remand, this legislation and its effect on our decision in Owens will necessarily be issues to be considered in this case. See Markowitz, 826 So.2d at 262; Cf. Memorial Hospital-West Volusia, Inc. v. News-Journal Corp., 729 So.2d 373, 384 (Fla.1999) (analysis of a newly enacted statute should "follow usual procedures, with the challenge initially proceeding in the circuit court").
[2] § 343A Known or Obvious Dangers provides as follows:

(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.
Restatement (Second) of Torts § 343A (1965).