[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14234
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-62681-BB


TANIA P. BERBRIDGE,

Plaintiff - Appellant,

versus

SAM'S EAST, INC.,
d.b.a. Sam's Club,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 16, 2018)

Before TJOFLAT, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Tania Berbridge appeals the district court's grant of summary judgment in favor of Defendant Sam's East, Inc. ("Sam's Club"), on her claim for negligence under Florida state law. Berbridge sustained personal injuries when she slipped and fell on a liquid substance while shopping at one of Sam's Club's stores. After her lawsuit was removed to federal court based on diversity jurisdiction, the district court granted summary judgment to Sam's Club. On appeal, Berbridge challenges the court's ruling that she failed to present evidence that Sam's Club had constructive knowledge of the slippery substance on the floor. After careful review, we agree with the district court and therefore affirm.

We review the district court's grant of summary judgment *de novo*, construing the evidence and drawing all reasonable inferences in favor of Berbridge, the non-moving party. *Carlson v. FedEx Ground Package Sys., Inc.*, 787 F.3d 1313, 1317 (11th Cir. 2015). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the propriety of summary judgment, we consider the issues anew and are not bound by the district court's reasoning. *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1251–52 (11th Cir. 2013) (stating that we may affirm on any ground supported by the record).

Berbridge's negligence claim arises under Florida law, which is the substantive law that we apply in this diversity case. *Carlson*, 787 F.3d at 1326. In

2

Florida, a person who "slips and falls on a transitory foreign substance in a business establishment . . . must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1).

Berbridge does not claim—and the evidence does not show—that Sam's Club had actual knowledge of the liquid substance on which she slipped. Thus, to prove her claim, Berbridge needed to prove Sam's Club's constructive knowledge. Under § 768.0755, "[c]onstructive knowledge may be proven by circumstantial evidence showing that: (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) The condition occurred with regularity and was therefore foreseeable." *Id.* § 768.0755(1)(a)–(b). Berbridge relies on the "length of time" prong only.

So the question we must answer is whether circumstantial evidence "give[s] rise to an inference that the foreign substance had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence." *Montgomery v. Fla. Jitney Jungle Stores, Inc.*, 281 So. 2d 302, 306 (Fla. 1973). Circumstantial evidence of the passage of time may include "dirt, scuffing, or tracks in a substance." *Woods v. Winn Dixie Stores, Inc.*, 621 So. 2d 710 (Fla. Ct. App. 1993); *Wal-Mart Stores, Inc. v. King*, 592 So. 2d 705 (Fla. 5th

DCA 1991) (stating that "signs of age" include "skid marks, smudges, or the like"); *Winn-Dixie Stores, Inc. v. Guenther*, 395 So. 2d 244, 246 (Fla. Ct. App. 1981) ("[T]estimony that the liquid was dirty and scuffed and had several tracks running through it was, in our opinion, adequate to impute constructive notice of the hazardous condition to the store manager."). But "the mere presence of [a substance] on the floor is not enough to establish constructive notice." *Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. Ct. App. 2011).

In the light most favorable to Berbridge, the evidence showed that she slipped and fell on a liquid substance on the floor of the frozen-food aisle at a Sam's Club. She did not see the substance before slipping in it and did not know how long it had been there. She testified that it was "medium size" but "wasn't that big," wet but not sticky, and "dark" and "dirty." She did not know what caused the substance to be dirty. She saw no cart tracks or footprints in the substance, besides the mark caused by her shoe when she slipped. When she informed an employee of her fall and pointed out the substance, the employee noted that an overhead air conditioning unit was dripping from above where she slipped. Before she left the area, she observed a drop of liquid fall from the AC unit. She testified that it was not dripping heavily.

These facts are not disputed, but the parties disagree about what permissible inferences may be drawn from them. Berbridge contends that the water's

4

"dark[ness]" and "dirt[iness]" supports a reasonable inference that it was on the floor for a period of time sufficient to create constructive notice.  In fact, she maintains that the district court was required to draw that inference under *Mashni v. Lasalle Partners Management Ltd.*, 842 So. 2d 1035 (Fla. Ct. App. 2003).  In *Mashni*, the plaintiff slipped and fell in a puddle of water that was "dirty" and left "a black substance" on the plaintiff's hands.  *Id.* at 1036.  While the court acknowledged that the dirt could have been created by the plaintiff's fall, it reasoned that "the fact that the water was dirty could also create an inference that it was on the floor for a period of time sufficient to create constructive notice." *Id.*

Sam's Club responds that *Mashni* is factually distinguishable and that constructive knowledge cannot be inferred in this case without violating Florida's rule against impermissible "inference stacking."  Sam's Club relies on two recent decisions that applied that rule to grant summary judgment to a business.  In *Encarnacion v. Lifemark Hospitals of Florida*, 211 So. 3d 275 (Fla. Ct. App. 2017), the court held that a reasonable jury could not infer the passage of time, and therefore constructive knowledge, from the fact that the substance was "oily," "dirty," and "dark," because there was no evidence that the substance, in its original condition, was not "oily," "dirty," and "dark." *Id.* at 277–78. Similarly, in *Wilson-Greene v. City of Miami*, 208 So. 3d 1271 (Fla. Ct. App. 2017), the court held that a reasonable jury could not infer the passage of time from the fact that the

5

soup the plaintiff slipped on was cold, since there was no evidence that the soup was hot before it spilled. *Id.* at 1275. In both cases, the court explained that the key inference—that the substance had been on the floor long enough to establish constructive knowledge—could not be drawn without assuming other facts not in evidence. *See Encarnacion*, 211 So. 3d at 278; *Wilson-Greene*, 208 So. 3d at 1275.

The district court, following the reasoning of *Encarnacion* and *Wilson-Greene*, concluded that Berbridge's evidence was insufficient to raise a triable issue for a jury. The court reasoned that basing constructive knowledge solely on the fact that the liquid substance was "dark" and "dirty" would amount to "impermissible inference stacking," because it would require assuming facts not in evidence, including that the substance was not "dark" and "dirty" in its original condition. As for Berbridge's reliance on *Mashni*, the court found that *Mashni* was not persuasive because it relied on a Florida Supreme Court case that is no longer good law and "Florida premises liability has evolved significantly since [*Mashni*] was decided."

Before we turn to the issue of whether Berbridge's circumstantial evidence is sufficient to create an inference of constructive knowledge, we pause to clarify the law that we apply in making that determination. Although Florida law provides the substantive rule of decision in this diversity case, we must decide the

propriety of summary judgment "in accordance with the federal standards fixed in Rule 56[]" of the Federal Rules of Civil Procedure. *Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969).[1]  That is, "the sufficiency of evidence to require jury submission in diversity cases is a question of federal law."  *Id.*  "To be sure, in proceedings on motions for summary judgment questions of state law will arise in determining the materiality of particular facts to the claims and defenses of the parties and the factual elements required to establish the claims or defenses of the moving party, but whether a trial is necessary is a matter of federal law."  *Id.* (citation omitted).

Under federal law, an inference must be "reasonable" to defeat a motion for summary judgment.  *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982).  A reasonable inference is one that a "reasonable and fair-minded [person] in the exercise of impartial judgment might draw from the evidence."  *Id.* Reasonable inferences may rest in part on conjecture, "for an inference by definition is at least partially conjectural."  *Id.*  But a jury cannot be "allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility."  *Id.*  "Such an inference is infirm because it is not based on the evidence."

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Because a federal standard governs our assessment of whether an inference is allowable, we do not apply state-law rules against "pyramiding" or "stacking" inferences. *Id.* at 1324. Nor are we bound by state-court decisions on issues of evidentiary sufficiency for trial under state-court summary-judgment rules. *See Carlson*, 787 F.3d at 1326. Of course, even though such state-court decisions are "not binding in the Rule 56/summary judgment sense," they may still be "highly informative," and "Florida's summary judgment standard is very similar to that of Rule 56." *Id.* To ensure that "a case filed in federal court will be handled in the same way as it would be in the courts of the state where the federal court sits," and to discourage forum shopping, we aim to reach the same result that the Florida courts would reach based on the same facts. *See id.* at 1326–27.

In this case, we conclude that the evidence is not enough for a reasonable jury to infer that the liquid substance "had been on the floor for a sufficient length of time to charge the store owner with constructive knowledge of its presence." *See Montgomery*, 281 So. 2d at 306. While Berbridge presented evidence of the source of a "dark" and "dirty" substance, there is no evidence that the substance was not "dark" and "dirty" when it fell from the AC unit, and Berbridge did not provide any additional detail about what she meant by these terms. A reasonable jury could not infer from her vague comments that the substance was "dark" and

8

"dirty" because it was on the floor for such a length of time that Sam's Club should have known about it and acted to remedy it.

Nor are there other signs of age that could support an inference that the condition of the substance was due to the passage of time. As the district court noted, there was no "evidence of footprints, prior track marks, change in consistency, drying of the liquid, or other evidence suggesting that the substance was on the floor for such a length of time that Defendant should have known about it and taken action to remedy it." We also don't know the size of the substance. Had the puddle on the floor been large, that could have suggested, in light of the slow dripping observed by Berbridge, that the AC unit had been leaking for a while. *See Erickson v. Carnival Cruise Lines, Inc.*, 649 So.2d 942, 943 (Fla. 3d DCA 1995) (concluding that "the source of the puddle (i.e. ceiling leak) as well as the size of the puddle were sufficient to create a jury question" as to constructive knowledge). In sum, the record lacks any evidence from which a reasonable jury could conclude that the substance was "dark" and "dirty" because it was present on the floor for a period long enough to charge Sam's Club with constructive knowledge.

The lack of additional circumstantial evidence distinguishes this case from *Mashni*.[2]  While this case and *Mashni* share the fact of a "dirty" liquid substance, that fact cannot be viewed in isolation from the surrounding circumstances.  In *Mashni*, the plaintiff, upon entering an ill-lit restroom at a shopping mall, noticed that it was "sloppy" and that there was a puddle of water on the floor.  842 So. 2d at 1036.  As he exited the restroom, about three to four minutes later, he slipped on another puddle of water, which was about three steps away from the first puddle. *Id.*  After he fell, he saw black spots in the water and on his hands.  *Id.* at 1036–37. Together, the unkempt condition of the premises, the length of time the plaintiff was in the bathroom, and the specific facts about the dirt supported a reasonable inference that the dangerous condition existed long enough so as to charge the store owner with constructive knowledge.  *See id.* at 1037.  In this case, however, there is no similar evidence of the surrounding circumstances that could support an inference of constructive knowledge.

True, the court in *Mashni* did not require the plaintiff to prove that the water was originally clean, but the context otherwise indicated that the water was dirty because it had been on the floor for a sufficient period of time.  The same was true in *Colon v. Outback Steakhouse of Florida, Inc.*, 721 So. 2d 769, 771 (Fla. Ct. App. 1998), and *Camina v. Parliament Ins. Co.*, 417 So. 2d 1093, 1094 (Fla. Ct.

---

[2] We do not address the district court's discussion of whether *Mashni* was decided under different substantive rules than those we apply here.

10

App. 1982), two cases relied on by *Mashni*.  In *Colon*, the plaintiff slipped on a potato that was "mushy" and "dirty," which suggested "that it had gone undetected on the floor for a sufficient period of time to place Outback on constructive notice."  *Colon*, 721 So. 2d at 771.  In *Camina*, the plaintiff slipped on ice cream that was "thawed, dirty and splattered," which was sufficient to create an inference of constructive knowledge.  *Camina*, 417 So. 2d at 1094.  In both cases, the facts gave some indication of the substance's original condition—that the potato was not dirty when it fell from a customer's plate or a server's tray and that the ice cream was frozen—which allowed a jury to draw an inference from its altered condition.

The situation here, however, is more akin to that in *Encarnacion*, *Wilson-Greene*, and *Bates v. Winn-Dixie Supermarkets*, 182 So. 2d 309, 310 (Fla. Ct. App. 1966), where the evidence shows little more than the presence of dangerous condition.  In *Bates*, for example, the court held that constructive knowledge could not be inferred from the fact that the plaintiff slipped on a banana peel that was "dark," "over ripe," "black," "old," and "nasty looking."  182 So. 2d at 310.  The condition of the peel itself was not enough, the court stated, because there was no evidence that "the banana peel was not already black and deteriorated when it reached defendants' floor."  *Id.* at 311.  Similarly, in *Encarnacion* and *Wilson-Greene*, there was no evidence that shed light on the original condition of the substance.  *See Encarnacion*, 211 So. 3d at 277 (no evidence that the substance, in

11

its original condition, was not "oily," "dirty," and "dark"); *Wilson-Greene*, 208 So. 3d at 1275 (no evidence that the soup was hot prior to being spilled).

Berbridge's claim that *Mashni* is binding and required an inference of constructive knowledge misses the mark. *Mashni* is "not binding in the Rule 56/summary judgment sense—because federal law determines whether the evidence . . . suffices to entitle [a party] to summary judgment." *Carlson*, 787 F.3d at 1326 (quotation marks omitted). Plus, while it may be true that she was not required to prove that the substance was clear in its original condition—as the proof sufficient to establish constructive knowledge is varied and contextual—she still must present sufficient circumstantial evidence of constructive knowledge. *See Montgomery*, 281 So.2d at 306.

Construing the record and drawing all reasonable inferences in Berbridge's favor, she has offered adequate proof that (1) there was a "dark" and "dirty" liquid substance on the floor; (2) the substance came from an overhead AC unit; and (3) she slipped on the substance. But as in *Bates*, there was no evidence that "the [liquid substance] was not already ["dark"] and ["dirty"] when it reached defendant['s] floor." 182 So. 2d at 311. The fact that the substance was "dark" and "dirty" gives rise to nothing more than a "guess or mere possibility" that it was on the floor for a period of time sufficient to create constructive notice. *See Daniels*, 692 F.2d at 1326. And that is not sufficient to create a triable issue for a

12

jury. Although the district court appears to have erred in applying the state-law rule against "stacking inferences," *see id.* at 1324, the court's reasoning nevertheless remains sound, and we may affirm on any ground supported by the record, *see Feliciano*, 707 F.3d at 1251–52.

For these reasons, we affirm the district court's grant of summary judgment in favor of Sam's Club.

**AFFIRMED.**

13