# Third District Court of Appeal

## State of Florida

Opinion filed February 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-0834
Lower Tribunal No. 13-1003
_____

**Carmen Encarnacion,**
Appellant,

vs.

**Lifemark Hospitals of Florida, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Eaton & Wolk, PL, and Douglas F. Eaton, for appellant.

Falk, Waas, Hernandez, Cortina, Solomon, & Bonner, P.A., and Glenn Falk, Sr., Scott L. Mendlestein and Richard A. Warren; Bice Cole Law Firm, P.L., and Neil A. Covone, for appellees.


Before ROTHENBERG and SCALES, JJ., and SHEPHERD, Senior Judge.

SHEPHERD, Senior Judge.

Carmen Encarnacion appeals from a summary final judgment in a slip-and-fall case she brought against Lifemark Hospitals of Florida, Inc., doing business as Palmetto General Hospital, and the Hospital's contract cleaning company, Hospital Housekeeping Systems, Inc., for injuries suffered from a fall in the emergency room hallway of the hospital. The thrust of Ms. Encarnacion's argument to the trial court was that a genuine issue of material fact existed concerning whether the hospital and its housekeeping vendor knew or should have known of the dangerous condition. The trial court found there was no genuine issue of material fact and granted final summary judgment to the hospital and cleaning company. We agree and affirm the decision of the trial court, albeit with a slightly different analysis. A brief summary of the facts of the case are necessary to explain our decision.

## FACTS

Ms. Encarnacion arrived at Palmetto General Hospital at approximately 4:45 p.m. on March 11, 2011, to assist her elderly mother, who had arrived in the emergency room a few hours earlier after having suffered a stroke. She found her mother still in the emergency room, resting comfortably. A hospital nurse advised Ms. Encarnacion that her mother needed to be admitted to the hospital, but that they would have to wait a short time for a bed to come available. After five hours, Ms. Encarnacion decided to seek out a nurse to determine the status of their wait. As Ms. Encarnacion left the room, she saw a man who she thought was an

2

Emergency Medical Services (EMS) paramedic with a spray bottle in the hallway, cleaning a stretcher. She attempted to walk around the area where the man was cleaning, but slipped and fell due to what she "guess[ed]," was spray liquid on the floor.

Almost two years later, on January 9, 2013, Ms. Encarnacion sued the Hospital and soon thereafter joined Hospital Housekeeping Systems. Shortly after suit was filed, Ms. Encarnacion submitted a statement of claim to the Risk Management Division of Miami-Dade County in which she stated that the substance she slipped on was the same as that being used by the EMS paramedic. She repeated this assertion in her answers to the hospital's interrogatories, stating again that she slipped because of a slippery substance which "EMS personnel was using to clean a stretcher in the hallway."

On July 15, 2013, six months into the lawsuit, Ms. Encarnacion became a little less certain about the identity of the person who was cleaning the stretcher, stating the man "may be a rescue." She also testified there were no signs indicating the floor was wet; that aside from the spray bottle, she did not see any mop bucket, dripping mops, or food service items in the hallway; and the substance on the floor was "oily", dirty", and "dark." About a month later, in a subsequent deposition, Ms. Encarnacion asserted that the substance smelled like a cleaning product similar to "Pine Sol," she did not know how long the substance had been

3

on the floor, and she thought that "because [the man's] uniform was kind of gray, dark gray, [she assumed] that he was an EMS."

Both the Hospital and Hospital Housekeeping Systems moved for summary judgment on the ground there was a complete lack of evidence that either the Hospital or Hospital Housekeeping Systems had actual or constructive knowledge of the condition and, based on Ms. Encarnacion's answers to interrogatories, it was undisputed that the person using the spray was an EMS paramedic. The Hospital further asserted that it employed reasonable measures to maintain its emergency department in a reasonably safe condition by having its own security personnel police the emergency room area on a regular basis to correct any dangerous condition, and by employing Hospital Housekeeping Systems, which assigned two housekeepers to the emergency department twenty-four hours per day, seven days per week. Absent from the record were cleaning schedules, cleaning logs or employee testimony concerning the extent to which the Hospital's security personnel or Hospital Housekeeping Systems performed their assigned and contractual tasks. On this record, the trial court granted summary judgment in favor of the Hospital and Hospital Housekeeping Systems, Inc.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings, discovery and affidavits show there is "no genuine issue as to any material fact and that the moving party is

4

entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510. Material facts are those which may affect the outcome of the case. Winn-Dixie Stores, Inc. v. Dolgencorp., Inc., 964 So. 2d 261, 263-264 (Fla. 4th DCA 2007) ("An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case.") (citing Byrd v. BT Foods, Inc., 948 So. 2d 921, 923) (Fla. 4th DCA 2007). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Bishop v. R. J. Reynolds Tobacco Co., 96 So. 3d 464, 467 (Fla. 5th DCA 2012) ("Issues of fact are 'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party.") (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)); see also Dreggors v. Wausau Ins. Co., 995 So. 2d 547, 549 (Fla. 5th DCA 2008).

## ANALYSIS

We apply this standard separately to each defendant.

### I. Palmetto General Hospital

"A negligence claim has four elements: (1) a duty by defendant to conform to a certain standard of conduct; (2) a breach by defendant of that duty; (3) a causal connection between the breach and injury to plaintiff; and (4) loss or damage to plaintiff." Wilson-Greene v. City of Miami, No. 3D14-3094, slip op. at 4 (Fla. 3d DCA Jan. 25, 2017) (citing Bartsch v. Costello, 170 So. 3d 83, 86 (Fla. 4th DCA

5

2015)).  It is undisputed that Ms. Encarnacion was a business invitee on the hospital premises and, therefore, the hospital owed her a duty to exercise reasonable care to maintain their premises in a safe condition.  Pembroke Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 423 (Fla. 4th DCA 2014).  However, where a business invitee slips and falls on a "transitory substance" in a business establishment as occurred here, proof of the breach element of the claim against an owner of the establishment is statutorily constrained by section 768.0755 of the Florida Statutes (2013).  The statute reads as follows:

**768.0755. Premises liability for transitory foreign substances in a business establishment**

(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. **Constructive knowledge may be proven by circumstantial evidence showing that:**

> **(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or**
> **(b) The condition occurred with regularity and was therefore foreseeable.**

(2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

(Emphasis added.)

6

Here, there is no evidence in the record suggesting the existence of the foreign substance on the floor was known to the hospital. In the absence of evidence of actual knowledge, it was incumbent on the plaintiff to come forward with circumstantial evidence that Palmetto General Hospital, in the exercise of ordinary caution, should have known of the condition. In this case, however, the answers to interrogatories and depositions do not establish how long the substance had been on the floor. In fact, if Ms. Encarnacion's testimony is believed, the liquid was being deposited on the floor by a non-hospital employee at the same time Ms. Encarnacion fell. See McCarthy v. Broward College, 164 So. 3d 78 (Fla. 4th DCA 2015) (affirming summary judgment for defendant where there was no evidence of how long the substance was on the floor before the fall); Walker v. Winn-Dixie Stores, Inc., 160 So. 3d 909 (Fla. 1st DCA 2014) (same); Delgado v. Laundromax, Inc., 65 So. 3d 1087 (Fla. 3d DCA 2011) (same).

Parenthetically, we note Ms. Encarnacion's belated testimony that the substance on the floor was "oily," "dirty" and "dark," even if true, as we must assume for our purposes here, is insufficient to create a jury issue. For such testimony to create a jury issue, the testimony must be accompanied by a "plus," namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long enough to have become discolored without

7

assuming other facts, such as the substance, in its original condition, was not "oily," "dirty" and "dark." See Wilson-Greene slip op. at 6.

## II. Hospital Housekeeping Systems

The liability of Hospital Housekeeping Systems in this case turns on a slightly different point, its contractually assumed obligations. Wilson-Greene, slip op. at 4 ("Where a contract exists, 'a defendant's liability extends to persons foreseeably injured by his failure to use reasonable care in performance of a contractual promise'") (citing Maryland Maint. Serv., Inc. v. Palmieri, 559 So. 2d 74, 76 (Fla. 3d DCA 1990). The cleaning specifications for the Emergency Department of the hospital, insofar as the plaintiff has elected to provide them to us in the record, states: "Emergency department shall be cleaned on a UCR bases, 24-7 and police cleaned, as necessary." As in Wilson-Greene, Hospital Housekeeping Systems had no duty to constantly patrol or supervise the area where the accident occurred.

For these reasons, we affirm the summary judgment entered in favor of the Hospital and Hospital Housekeeping Systems.

Affirmed.