# Third District Court of Appeal
## State of Florida

Opinion filed May 11, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-758
Lower Tribunal No. 17-4044
_____

**Sarah Bensalah,**
Appellant,

vs.

**Whole Foods Market Group, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Eaton & Wolk, PL, and Douglas F. Eaton, for appellant.

Law Offices of Charles M-P George, and Charles M-P George; Chartwell Law, and Derek H. Lloyd (Deerfield Beach), for appellee.

Before LOGUE, LINDSEY, and LOBREE, JJ.

PER CURIAM.

Affirmed. § 768.0755, Fla. Stat. (2016); Encarnacion v. Lifemark Hosps. of Fla., 211 So. 3d 275, 278 (Fla. 3d DCA 2017) ("[W]here a business

invitee slips and falls on a 'transitory substance' in a business establishment as occurred here, proof of the breach element of the claim against an owner of the establishment is statutorily constrained by section 768.0755 of the Florida Statutes (2013)."); Pembroke Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 426 (Fla. 4th DCA 2014) ("Under the 2002 statute, a plaintiff could succeed in a slip and fall case by showing 'the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises,' without showing the business had actual or constructive knowledge of the transitory foreign substance. Under the 2010 statute, however, the same plaintiff would be unable to successfully assert such a cause of action, no matter how persuasive or compelling the evidence the plaintiff had in support of the claim.").