IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WANDA WELCH,

       Appellant,

v.                                                      Case No. 5D22-357
                                                        LT Case No. 05-2019-CA-010929-X

CHLN, INC.,

       Appellee.

_____/

Opinion filed March 17, 2023

Appeal from the Circuit Court
for Brevard County,
Charles M. Holcomb, Judge.

Brian J. Lee, of Morgan & Morgan,
Jacksonville, for Appellant.

Robert A. Ader and Elizabeth B. Hitt,
of Ader & Hitt, P.A., Miami, for
Appellee.


JAY, J.

      In this slip and fall case, Appellant challenges the trial court's entry of

summary judgment in favor of Appellee ("CHLN"). Because there is a genuine

dispute of material fact as to whether CHLN had constructive knowledge of the substance that allegedly caused Appellant's injury, we reverse the entry of summary judgment and remand for further proceedings.

I.

On December 23, 2017, Appellant was a dinner customer at CHLN's restaurant in Melbourne. She alleged that while there, she slipped and fell after stepping in a puddle near the salad bar. In her deposition, Appellant testified that she stepped in "quite a bit" of liquid that appeared to be "dirty" and "murky." She indicated that this "large amount of liquid" had a "slimy" consistency. She observed footprints in the puddle that were going in different directions. On multiple occasions, she expressed certainty that the footprints were not hers.

In his deposition, the restaurant's general manager testified that on a "busy night" like the night of Appellant's accident, the restaurant would have had "at least two" employees assigned to the salad bar. One of those workers would have been stationed behind the salad bar "at all times." Among their other duties, the salad bar employees were there to keep the floor clean.

CHLN moved for summary judgment, arguing that Appellant could not show that CHLN knew about the liquid on the floor. The trial court granted the motion, finding there was "no evidence" of CHLN's actual knowledge and

"insufficient evidence" of CHLN's constructive knowledge. This appeal followed.

## II.

We review the trial court's order de novo. *See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). To prevail on a motion for summary judgment, a movant must show that (1) "there is no genuine dispute as to any material fact" and (2) "the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). The court views the evidence in a light most favorable to the non-moving party, and a genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for that party. *Baum v. Becker & Poliakoff, P.A.*, 351 So. 3d 185, 189 (Fla. 5th DCA 2022); *Ibarra v. Ross Dress for Less, Inc.*, 350 So. 3d 465, 467 (Fla. 3d DCA 2022).

Negligence claims have four elements: duty, breach, causation, and damages. *Peoples Gas Sys. v. Posen Constr., Inc.*, 322 So. 3d 604, 612 n.8 (Fla. 2021). In actions arising from a plaintiff's slip and fall on a transitory substance in a business establishment, proof of the breach element is "statutorily constrained" by section 768.0755, Florida Statutes. *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017). That statute provides:

(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

(b) The condition occurred with regularity and was therefore foreseeable.

§ 768.0755(1), Fla. Stat. (2017).

Here, Appellant does not allege that CHLN had actual knowledge of the wet floor by the salad bar. She also does not allege that the wet floor occurred with regularity. Instead, her constructive knowledge argument is that the wet floor existed for such a length of time that CHLN should have known about it. *See* § 768.0755(1)(a), Fla. Stat.

"In trying to assess *how long* a substance has been sitting on a floor, courts look to several factors, including 'evidence of footprints, prior track marks, changes in consistency, [or] drying of the liquid.'" *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1283 (S.D. Fla. 2021) (quoting *Palavicini v. Wal-Mart Stores E., L.P.*, 787 F.App'x 1007, 1012 (11th Cir. 2019)). They also consider if the "offending liquid" was "dirty" or "scuffed." *Id.*

4

(quoting *Norman v. DCI Biologicals Dunedin, LLC*, 301 So. 3d 425, 429 (Fla. 2d DCA 2020)).

Here, Appellant testified that she stepped in a large amount of liquid that was dirty, murky, and slimy. Because some substances have these features even before being spilled, courts have often held that this kind of evidence is not enough—by itself—to create a jury question on constructive knowledge. *See Encarnacion,* 211 So. 3d at 278 (holding that "[f]or such testimony to create a jury issue," it "must be accompanied by a 'plus,' namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long enough to have become discolored without assuming other facts," such as the liquid not being dirty or oily in its original condition); *see, e.g., Palavicini*, 787 F.App'x at 1012 (affirming summary judgment in a case where although the plaintiff testified that the liquid was dirty, there were no footprints, prior track marks, or other evidence tending to show that the liquid was on the floor long enough for constructive knowledge to attach). However, Appellant testified that she observed footprints in the puddle—not belonging to her—that were "[g]oing [in] different directions." When combined with her testimony about the quantity, appearance, and consistency of the liquid, this evidence raises a fact question about CHLN's constructive knowledge.

5

Indeed, footprints are a common feature of analogous slip and fall cases that survive summary judgment because they allow a jury to find that the substance was on the ground long enough for the defendant to discover it before the plaintiff's fall. *See, e.g.*, *Thompson v. Wal-Mart Stores E., L.P.*, No. 20-61907, 2022 WL 59678 (S.D. Fla. Jan. 6, 2022) (describing footprints as one of the telltale indicators of a liquid's age, and denying summary judgment in a case where the puddle covered a substantial area, and the plaintiff saw a footprint and track marks on the spot where she slipped); *Britt v. Wal-Mart Stores E., L.P.*, No. 20-81244, 2021 WL 2580553 (S.D. Fla. Apr. 28, 2021) (denying summary judgment as to constructive knowledge in a case where a larger than basketball-sized puddle was dirty with footprints); *Norman*, 301 So. 3d 425 (reversing summary judgment in a case where the plaintiff fell in a cup's worth of dirty water, and the puddle contained at least two muddy footprints).

Like the plaintiffs' testimony in those cases, a "reasonable jury could credit [Appellant's] testimony and infer that the tracked footprints" she observed in the large amount of dirty liquid "indicated that the liquid substance was there long enough for several individuals, perhaps more than two, to walk through it such that [CHLN] should have detected it." *See Britt*, 2021 WL 2580553 at *3. This conclusion is reinforced by the presence of at

6

least one CHLN employee stationed at the salad bar "at all times." *See Torres*, 555 F. Supp. 3d at 1283 ("Beyond the length of time, courts are more likely to find that a business had constructive notice when the business's employees were 'in the vicinity of where the fall occurred.'" (quoting *Plott v. NCL Am., LLC*, 786 F.App'x 199, 203 (11th Cir. 2019))); *see also Lebron v. Royal Caribbean Cruises Ltd.*, 818 F.App'x 918, 922 (11th Cir. 2020) (reversing a directed defense verdict in a case where an employee was "specifically tasked" with watching the skating rink where the plaintiff's accident occurred, reasoning that this evidence provided "the final inference for constructive notice"); *Castellanos v. Target Corp.*, 568 F.App'x 886 (11th Cir. 2014) (affirming the denial of a defendant's motion for directed verdict in a case where a two-foot puddle containing tracks not made by the plaintiff was located "within about ten feet" of the defendant's employees).

### III.

A reversal of summary judgment is not a finding for the plaintiff, but merely a recognition that the evidence is such that a reasonable jury *could* find for the plaintiff. *See Ibarra*, 350 So. 3d at 467; *see, e.g.*, *Thompson*, 2022 WL 59678 at *5 (holding that by drawing all reasonable inferences in the plaintiff's favor, a jury could find that the defendant should have known about the puddle where the plaintiff slipped). Here, Appellant's testimony about the

7

large amount of dirty liquid and the footprints therein—along with the general manager's testimony about the presence of the salad bar employees—is enough to raise a genuine dispute of material fact as to CHLN's constructive knowledge. *See Winn-Dixie Stores, Inc. v. Guenther*, 395 So. 2d 244, 246 (Fla. 3d DCA 1981) ("[T]estimony that the liquid was dirty and scuffed and had several tracks running through it was . . . adequate to impute constructive notice of the hazardous condition to the store manager. Furthermore, evidence that the manager could have seen the spilled substance from his vantage point within the store bolsters our conclusion."). Accordingly, we reverse the order granting summary judgment and remand the matter to the trial court for further proceedings.

REVERSED AND REMANDED.

BOATWRIGHT and MACIVER, JJ., concur.