DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANA DEL CARPIO,**
Appellant,

v.

**WESTERN BEEF OF FLORIDA, LLC,** and
**WESTERN BEEF RETAIL, INC.,**
Appellees.

No. 4D2022-3434

[January 3, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 502018CA008129XXXXMB.

Ramon Rubio of Rubio Law Firm, P.L., Fort Lauderdale, for appellant.

Nicole Martell and David Di Pietro of Di Pietro Partners, PLLC, Fort Lauderdale, for appellees.

KLINGENSMITH, C.J.

Appellant Ana Del Carpio appeals the trial court's order granting final summary judgment in favor of Western Beef of Florida, LLC and Western Beef Retail, Inc. (collectively "appellees") in a slip and fall case at a retail store owned by appellees. Because the evidence in this case presents unresolved questions of fact, we reverse and remand for further proceedings.

In appellant's testimony presented to the court at summary judgment, she stated she was exiting a walk-in freezer in front of the seafood department and fell to her knees, causing injuries. She said she "felt a splash of water" as she fell and saw "dark, dirty water" on the floor with shopping cart wheel marks going through the water. She also noted she saw footprints in the water that she described as "a puddle of water, not just drops. It was a lot of water." Several store employees saw her fall, which was corroborated by the store manager, who testified that one or two employees were always stationed at the seafood department. No

photos or videos existed of either the accident or the area where the accident occurred.

Appellees moved for summary judgment, arguing appellant did not present evidence that the store had actual or constructive knowledge of the water in which she fell. The trial court orally granted summary judgment, which was later memorialized in a written order, ruling that appellant could not meet her burden regarding how long the water was on the floor and thus could not establish appellees' knowledge of the water under section 768.0755, Florida Statutes (2018). This appeal followed.

The standard of review for an entry of summary judgment is *de novo*. *Volusia County v. Aberdeen at Ormand Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000). Under Florida Rule of Civil Procedure 1.510(a), the new summary judgment standard "closely mirrors the standard for directed verdict, in which the focus of the analysis is 'whether the evidence presents a sufficient disagreement to require submission to a jury.'" *Halum v. ZF Passive Safety Sys. US, Inc.*, 360 So. 3d 391, 393 (Fla. 4th DCA 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)). As with the old standard, the moving party must show no genuine dispute of material fact exists to preclude summary judgment. *Thayer v. Hawthorn*, 363 So. 3d 170, 172 (Fla. 4th DCA 2023). "A genuine dispute of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perez v. Citizens Prop. Ins. Corp.*, 345 So. 3d 893, 895 (Fla. 4th DCA 2022) (quoting *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021)).

Section 768.0755(1) provides that a person injured in a slip and fall at a business "must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." The statute notes constructive knowledge may be established by showing: "(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) The condition occurred with regularity and was therefore foreseeable." § 768.0755(1)(a)-(b), Fla. Stat. (2018).

A plaintiff's testimony regarding the condition and age of a foreign substance alone is not sufficient to create an issue of fact to preclude summary judgment. *See Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017). Instead, a plaintiff's testimony "must be accompanied by a 'plus,' namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long

enough" to establish constructive knowledge under the statute. *Id.* (citing *Wilson–Greene v. City of Miami,* 208 So. 3d 1271, 1275 (Fla. 3d DCA 2017)).

Although appellees argue such "plus" evidence must be more than a plaintiff's testimony, Florida courts have found that a plaintiff's testimony alone can be sufficient to defeat a summary judgment motion if the testimony includes other facts that create a question of fact about whether the foreign substance was on the ground for a significant length of time. *See, e.g., Norman v. DCI Biologicals Dunedin, LLC,* 301 So. 3d 425, 427, 430-31 (Fla. 2d DCA 2020) (finding plaintiff's testimony that he slipped in "a cup of water" that had "dirty" and "muddy footprints" was sufficient to satisfy the "plus" factor and preclude summary judgment); *Welch v. CHLN, Inc.,* 357 So. 3d 1277, 1279 (Fla. 5th DCA 2023) (evidence that plaintiff fell in "quite a bit" of "dirty," "murky," and "slimy" water that was of a "large amount" and had footprints "going in different directions" was sufficient to constitute a "plus" and preclude summary judgment).

Unlike other cases where summary judgment was affirmed because of a lack of evidence supporting the claim that the material was on the floor long enough to impute constructive knowledge to the defendant, appellant's testimony here established more than just the description of the water in which she fell. *Cf. Encarnacion,* 211 So. 3d at 277; *Oliver v. Winn-Dixie Stores, Inc.,* 291 So. 3d 126, 129–30 (Fla. 4th DCA 2020) ("No facts suggest the grape and surrounding liquid were on the ground for enough time to impute constructive knowledge to Winn-Dixie. Without those facts, Winn-Dixie was entitled to summary judgment."). Further, like in *Welch,* the record evidence in this case shows the presence of at least one store employee stationed at the location where the fall occurred, which further supports the possibility of the defendant's constructive knowledge of the water on the floor. *See Welch,* 357 So. 3d at 1279. When viewed together, a reasonable jury could view the summary judgment evidence and infer that the water was on the floor "long enough for several individuals, perhaps more than two, to walk through it such that [appellees] should have detected it." *See id.; see also Norman,* 301 So. 3d at 427.

Therefore, we reverse the final summary judgment entered by the trial court and remand for further proceedings.

*Reversed and remanded.*

GROSS and LEVINE, JJ., concur.

*       *       *

*Not final until disposition of timely filed motion for rehearing.*