# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2022-2823
LT Case No. 2018-31181-CICI

———————————————

JOSE DURAN,

    Appellant,

    v.

CRAB SHACK ACQUISITION, FL,
LLC, d/b/a JOE'S CRAB SHACK,

    Appellee.

———————————————

On appeal from the Circuit Court for Volusia County.
Mary G. Jolley, Judge.

Chad A. Barr, of Chad Barr Law, Altamonte Springs, for
Appellant.

Robert A. Ader and Elizabeth B. Hitt, of Ader & Hitt, P.A.,
Miami, for Appellee.

April 25, 2024

SOUD, J.

    Jose Duran appeals the trial court's entry of final summary
judgment against him and in favor of Crab Shack Acquisition, FL,
LLC d/b/a Joe's Crab Shack in this slip-and-fall case. We have
jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P.
9.030(b)(1)(A). We affirm.

## I.

Duran and two out-of-town friends went to lunch at Joe's Crab Shack in Daytona Beach, Florida on March 11, 2018, a busy Sunday afternoon at the restaurant. As Duran was leaving, he slipped and fell in something wet, which he believed to be a "brownish" liquid. Duran fell several feet away from the kitchen door where servers bring drinks on a tray to be served to patrons. John Calo, a regional director for Joe's Crab Shack who noticed Duran as he entered the restaurant because Duran had a "labored" and "extreme" gait, estimated Duran fell approximately twelve feet from the kitchen door, in the general walkway "in the dining room" area. The record makes clear this location is a high traffic area heavily traversed by both customers and employees alike because it is a main pathway for customers entering and exiting the dining area of the restaurant.

Duran's friends were behind him as the three were exiting the restaurant and did not see Duran fall. Jessy Ortiz had stopped to take a picture and lost sight of Duran until Nikauris Tavares indicated Duran had fallen. When the two came to Duran, Ortiz noticed "drops of water" on the floor. Ortiz opined that the water came from drinks on servers' trays that would drip because "the drinks were too full." Tavares said the floor where Duran fell was wet, greasy, and dirty. There is no evidence presented by Duran that the liquid on the floor was scuffed or dirty or had footprints through it. Neither Duran nor his friends were able to testify how the substance on which he slipped got onto the floor or how long it was present there.

Duran filed suit seeking damages for the injuries sustained from the fall that he claimed resulted from Joe's Crab Shack's negligence. Ultimately, the restaurant moved for summary judgment, arguing Duran was unable to meet his burden of establishing that the restaurant had actual or constructive knowledge of the presence of the substance that caused his fall. Following a hearing, the trial court granted the motion and entered final summary judgment in favor of Joe's Crab Shack. This appeal followed.

## II.

We review de novo the trial court's order granting final summary judgment in favor of Joe's Crab Shack. *See Leftwich v. Wal-Mart Stores E., LP*, 49 Fla. L. Weekly D436b (Fla. 5th DCA Feb. 22, 2024); *see also Welch v. CHLN, Inc.*, 357 So. 3d 1277, 1278 (Fla. 5th DCA 2023) (citing *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000)).

## A.

To be entitled to summary judgment, a movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "[A] genuine dispute occurs when the evidence would allow a reasonable jury to return a verdict for [the non-moving] party." *Welch*, 357 So. 3d at 1278. This standard "closely mirrors the standard for directed verdict, in which the focus of the analysis is whether the evidence presents a sufficient disagreement to require submission to a jury." *Carpio v. W. Beef of Fla., LLC*, 49 Fla. L. Weekly D86a (Fla. 4th DCA Jan. 3, 2024) (internal quotations and citations omitted). When considering a motion for summary judgment, a trial court—and this Court—must view the evidence in a light most favorable to the non-moving party. *See Welch*, 357 So. 3d at 1278.

## B.

Duran claims that Joe's Crab Shack negligently maintained its premises by allowing a dangerous condition, drops of water, to exist in its restaurant without warning him or taking action to correct the condition. Of course, at an elementary level, to sustain his negligence claim, Duran must prove four elements: duty, breach, causation, and damages. *See id.* (citing *Peoples Gas Sys. v. Posen Constr., Inc.*, 322 So. 3d 604, 612 n.8 (Fla. 2021)).

When a business invites another onto its premises, the owner has a duty to exercise ordinary care to maintain the business "in a reasonably safe condition." *See Whitlow v. Tallahassee Mem'l Healthcare, Inc.*, 48 Fla. L. Weekly D1647 (Fla. 1st DCA Aug. 16, 2023) (quoting *S. Express Co. v. Williamson*, 63 So. 433, 437 (Fla. 1913)). That duty "may vary with the circumstances of each case."

*Id.* More specifically stated, the business owner is charged with the duty to

> maintain[ ] the property in a reasonably safe condition and to [give] [the invitee] timely notice and warning of latent and concealed perils, known to the owners and their rental agent, or by the exercise of due care, should have been known, and which were to the appellant unknown or that by the exercise of due care she could not have known of the latent and concealed dangers.

*Tutwiler v. I. Beverally Nalle, Inc.*, 12 So. 2d 163, 164 (Fla. 1943) (quoted in *Whitlow*, 48 Fla. L. Weekly D1647).

Importantly, under longstanding Florida law, a business is not an insurer of the safety of those who come onto its property; rather, the business is legally bound to exercise reasonable care to protect against hazards of which it has actual or constructive notice. *See Whitlow*, 48 Fla. L. Weekly D1647 (citing *Winn-Dixie Montgomery, Inc. v. Petterson*, 291 So. 2d 666, 668 (Fla. 1st DCA 1974)). "Negligence will not be presumed merely because of the happening of an accident." *Id.* (quoting *Clyde Bar, Inc. v. McClamma*, 10 So. 2d 916, 917 (Fla. 1942)); *see also Emmons v. Baptist Hosp.*, 478 So. 2d 440, 442 (Fla. 1st DCA 1985) ("[I]t is fundamental that the mere occurrence of an accident does not give rise to an inference of negligence and that the plaintiff must show that the condition complained of was an *unreasonable* hazard.").

Section 768.0755(1), Florida Statutes (2017)—consistent with the duty of care owed at Florida common law[1]—"statutorily constrain[s]" what a plaintiff must prove to establish a business's *breach* of that duty in a negligence action arising from a slip and fall on a transitory foreign substance. *See Welch*, 357 So. 3d at 1278 (quoting *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017)). Section 768.0755 states:

---

[1] Section 768.0755(2) provides, "This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises."

4

(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had **actual or constructive knowledge** of the dangerous condition and should have taken action to remedy it. **Constructive knowledge may be proven by circumstantial evidence** showing that:

(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or

(b) The condition occurred with regularity and was therefore foreseeable.

§ 768.0755(1), Fla. Stat. (emphasis added).

As the plain language of this statute makes clear, Duran must establish that Joe's Crab Shack either had (i) actual knowledge of the "drops of water" on the floor or (ii) constructive knowledge of that liquid's presence. He can prove neither in this case.[2]

As to Duran's claim that Joe's Crab Shack had constructive knowledge of the presence of the substance, constructive knowledge may be established by circumstantial evidence that: "(a) [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the [restaurant] should have known of the condition; or (b) [t]he condition occurred with regularity and was therefore foreseeable." § 768.0755(1), Fla. Stat. Contrary to Joe's Crab Shack's argument, to establish constructive knowledge, Florida law does not require Duran to provide "direct evidence about who or what caused the dangerous substance and when exactly it happened. Instead, circumstantial evidence that sufficiently establishes the dangerous condition was present for a long enough period of time is enough" to prove constructive

---

[2] We conclude without further comment that Duran is unable to establish Joe's Crab Shack's actual knowledge of the substance on the floor that he contends caused his fall.

5

knowledge of the existence of the dangerous condition. *Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1172 (11th Cir. 2023) (citing section 768.0755(1)(a) in rejecting Wal-Mart's claim that the plaintiff there failed to present evidence as to where the substance came from and how and when it got on the floor); *see also Welch*, 357 So. 3d at 1278–79.

While Duran testified he fell in something wet—a "brownish" liquid—the presence of the substance on the floor alone cannot itself establish constructive knowledge. Rather, because some substances may be colored or have other characteristics such as sliminess, *see Welch*, 357 So. 3d at 1279, there must be evidence in addition to the foreign substance—a "plus"—from which the jury may reasonably conclude the substance was present for a sufficient length of time that Joe's Crab Shack, in the exercise of ordinary care, should have known of its existence. *See id.* (citing *Encarnacion*, 211 So. 3d at 278); *see also Delgado v. Laundromax, Inc.*, 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011). "In trying to assess *how long* a substance has been sitting on a floor, courts look to several factors, including 'evidence of footprints, prior track marks, changes in consistency, [or] drying of the liquid.'" *Welch*, 357 So. 3d at 1278–79 (quoting *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1283 (S.D. Fla. 2021)). "They also consider if the 'offending liquid' was 'dirty' or 'scuffed.'" *Id.* at 1279 (quoting *Torres*).

This is precisely where Duran's claim of the restaurant's constructive knowledge fails. There is no "plus" evidence in the record before us—a requirement for Duran to prove constructive knowledge of Joe's Crab Shack. There is no testimony of footprints, changes in consistency, or drying of any liquid. Similarly, there is no evidence sufficiently presented below that the liquid was scuffed or polluted by other substances, such as dirt or food. As a result, and viewing the evidence in a light most favorable to Duran, there is insufficient evidence that would allow a jury to find Joe's Crab Shack had constructive knowledge of the liquid.

## III.

As there remains no genuine dispute of any material fact— and Duran is unable to establish that Joe's Crab Shack had either actual or constructive notice of any substance purportedly causing

6

his fall, as required by Florida law—the trial court's final summary judgment in favor of Joe's Crab Shack is AFFIRMED.

It is so ordered.

EISNAUGLE and HARRIS, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––