# Third District Court of Appeal
## State of Florida

Opinion filed June 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0362
Lower Tribunal No. 21-11128
_____

**Daniel Valdes**,
Appellant,

vs.

**Verona at Deering Bay Condominium Association, Inc., et al.**,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Dohan Law Group, P.A., and Russell A. Dohan; Philip D. Parrish, P.A., and Philip D. Parrish, for appellant.

Cole, Scott & Kissane, P.A., and Lissette Gonzalez, for appellees.

Before LOGUE, C.J., and LOBREE and BOKOR, JJ.

BOKOR, J.

Daniel Valdes appeals the trial court's grant of summary judgment in favor of Verona at Deering Bay Condominium Association, Inc., and First Service Residential Florida, Inc., the condominium management company, in a negligence action based on Valdes' claimed injury resulting from a slip and fall on a puddle of spilled liquid on the floor of the Verona's storage facilty. Because the record establishes the existence of a genuine issue of material fact regarding constructive notice of the spill, we reverse.

On January 11, 2021, Valdes was assisting a friend who lived at the Verona in returning Christmas decorations to the friend's storage unit. In the storage room, Valdes stepped on a puddle, slipped, and hit his knee on the floor, right below a storage locker. Valdes claimed he saw a liquid coming from inside of a storage locker, right above the puddle. Valdes admitted he did not know how long the water was on the floor but testified that the puddle appeared green, dirty, large, and dried up in certain areas. Valdes further noted smudge marks and footprints on the floor near the puddle; however, he acknowledged the footprints could have been his.

Verona and its management company moved for summary judgment, arguing that Valdes failed to produce evidence of actual or constructive notice of the puddle in the storage room, and that the mere presence of the puddle doesn't establish constructive notice. The trial court orally granted the

motion for summary judgment and subsequently entered final summary judgment in favor of the Verona and its management company. This appeal follows.

A premises owner (and in this case, its management agent) owes a duty to a business invitee to exercise reasonable care and maintain the premises in a safe condition. See Encarnacion v. Lifemark Hosps. of Fla., 211 So. 3d 275, 277–78 (Fla. 3d DCA 2017) (setting forth elements of a negligence claim and the duty owed to a business invitee). But where the claim involves a slip and fall on a transitory substance, as here, "proof of the breach element of the claim against an owner of the establishment is statutorily constrained" by Florida's transitory foreign substance statute. Id. at 278. The transitory foreign substance statute provides that "[i]f a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." § 768.0755(1), Fla. Stat. "Constructive notice may be inferred from either: (1) the amount of time a substance has been on the floor; or (2) the fact that the condition occurred with such frequency that the owner should have known of its existence." Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011).

We resolve this appeal by examining the first constructive notice factor. "In trying to assess *how long* a substance has been sitting on a floor, courts look to several factors, including 'evidence of footprints, prior track marks, changes in consistency, [or] drying of the liquid.'" Welch v. CHLN, Inc., 357 So. 3d 1277, 1278–79 (Fla. 5th DCA 2023) (quoting Torres v. Wal-Mart Stores E., L.P., 555 F. Supp. 3d 1276, 1283 (S.D. Fla. 2021)); see also Sutton v. Wal-Mart Stores E., LP, 64 F. 4th 1166, 1170 (11th Cir. 2023) ("Time and again, Florida's appellate courts have found constructive notice when the offending liquid was dirty, scuffed, or had grocery-cart track marks running through it, or if there was other evidence such as footprints, prior track marks, changes in consistency, or drying of the liquid.") (cleaned up).[1]

We agree with Verona and its management that "the mere presence of water on the floor is not enough to establish constructive notice." Delgado, 65 So. 3d at 1090. But we have more than just a puddle in the storage room. Rather, Valdes testified as to the existence of footprints and smudge marks

---

[1] The initial brief refers to Sutton as "the only published – and therefore binding – Eleventh Circuit decision addressing Florida Statute §768.0755." But federal decisions don't bind state courts on matters of state law and are only as persuasive as their reasoning merits. See Kelly v. Duggan, 282 So. 3d 969, 972 (Fla. 1st DCA 2019) ("Although not binding, federal court decisions are given great weight when construing the [Florida Consumer Collection Practices Act]."). And on a federal law matter, "[e]ven though lower federal court rulings may be in some instances persuasive, such rulings are not binding on state courts." State v. Dwyer, 332 So. 2d 333, 335 (Fla. 1976).

right beside the puddle,[2] as well as the dried condition of the puddle indicating age, and the size of the puddle (also indicating age based on Valdes' testimony regarding the nature and source of the spill, i.e., the liquid dripping slowly from the above storage locker). "Florida courts have found that a plaintiff's testimony alone can be sufficient to defeat a summary judgment motion" if said testimony is "accompanied by a 'plus,' namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long enough to establish constructive knowledge." Carpio v. W. Beef of Fla., LLC, 49 Fla. L. Weekly D86, at *2 (Fla. 4th DCA Jan. 3, 2024) (quotation omitted); see, e.g., Norman v. DCI Biologicals Dunedin, LLC, 301 So. 3d 425, 429–31 (Fla. 2d DCA 2020) (finding plaintiff's testimony that he slipped in dirty water containing muddy footprints and a separately located skid mark, among other things, sufficient to satisfy the "plus" factor).

We conclude that Valdes' testimony along with other record evidence, such as the fact there were daily security and custodial visits to the storage room by Verona's security and custodial service, respectively, give rise to Verona and its management company's constructive notice, precluding

---

[2] Even if we properly discount the footprints and smudges because Valdes couldn't be sure they weren't his, Valdes provided other relevant additional factors.

summary judgment. See, e.g., Williams v. Ryta Food Corp., 301 So. 3d 339, 341–42 (Fla. 3d DCA 2020) (determining the plaintiff's description of a puddle as "very long" and allegation of track marks or footprints, along with other record evidence, "established that the pool of water accumulated as the result of a slow and steady drip originating from the cooler" and presented a factual issue as to constructive notice). We therefore reverse the final judgment entered by the trial court and remand for further proceedings.

Reversed and remanded.